■ Rosa Coplon Jewish Home & Infirmary, Respondent, v Larry LaDuca, Also Known as Lawrence LaDuca Appellant. [974 NYS2d 835]—

Appeal from an order and judgment (one paper) of the Supreme Court, Erie County (Timothy J. Walker, A.J.), entered March 1, 2012. The order and judgment granted the motion of plaintiff for summary judgment and awarded plaintiff money damages.

It is hereby ordered that the order and judgment so appealed from is unanimously reversed on the law without costs and the motion is denied.

Memorandum: Plaintiff commenced this action to recover the outstanding balance owed for nursing home care that it rendered to defendant's mother, who is now deceased. The outstanding balance resulted from defendant's alleged breach of the parties' contract, in which defendant had agreed to be responsible for ensuring payment to plaintiff from his mother's income, assets, and insurance policy, as well as from Medicare and Medicaid, to the extent that those resources were available. We agree with defendant that Supreme Court erred in granting plaintiff's motion for summary judgment. Plaintiff failed to meet its initial burden of establishing its entitlement to judgment as a matter of law (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]) and indeed, plaintiff's own submissions in support of its motion raise triable issues of fact whether defendant owes plaintiff any money and, if so, in what amount (*see generally Andrews, Pusateri, Brandt, Shoemaker & Roberson, P.C. v County of Niagara*, 91 AD3d 1287, 1287-1288 [2012]). Present—Scudder, P.J., Peradotto, Carni, Sconiers and Whalen, JJ.

■ In the Matter of Khalaire Allah, Petitioner, v Brian Fischer, Commissioner, New York Street Department of Cor-

rections and Community Supervision, Respondent. [974 NYS2d 836]—Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Wyoming County [Mark H. Dadd, A.J.], entered April 16, 2013) to review a determination of respondent. The determination found after a tier III hearing that petitioner had violated an inmate rule.

It is hereby ordered that said proceeding is unanimously dismissed without costs as moot (*see Matter of Free v Coombe*, 234 AD2d 996 [1996]). Present—Centra, J.P., Fahey, Carni, Sconiers and Valentino, JJ.